# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| SHIKINA WILSON, individually and as surviving parent and personal representative of the ESTATE OF DY'QUARIUS GILBERT, | : : : : : |
| Plaintiff, | : : |
| v. | : CASE NO.: 1:24-CV-68 (LAG) |
| CITY OF ASHBURN, OFFICER ERIC TAYLOR-HAIR, individually and in his official capacity and DOE OFFICERS 1–5, | : : : : : |
| Defendants. | : : |

## **ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 9) and Motion to Stay (Doc. 10). For the reasons stated below, the Court *sua sponte* **DISMISSES** Plaintiff's Complaint **without prejudice** as a shotgun pleading and orders repleader. Defendants' Motion to Dismiss (Doc. 9) and Motion to Stay (Doc. 10) are **DENIED as moot**.

## **BACKGROUND**

Plaintiff Shikina Wilson seeks damages against Defendants City of Ashburn, Officer Eric Taylor-Hari, and five Doe Officers for the death of her son, Dy'Quarius Gilbert, who was killed in a motor vehicle crash that occurred in the course of Defendant Taylor-Hair's pursuit of a vehicle in which Gilbert was a passenger. (Doc. 2 ¶¶ 3–5, 9–21; *see also id.* at 31–32). On May 11, 2022, in the early morning, Gilbert was riding in a gold 2002 Honda Accord with Tadasku King, the owner of the vehicle. (*Id.* ¶ 9). At the same time, Defendant Taylor-Hair was patrolling the area. (*Id.* ¶ 11). At 2:39 AM, Defendant Taylor-Hair saw the Honda Accord parked at the Honey Bear gas station and pulled in to monitor the vehicle. (*Id.*). When the vehicle left the gas station parking lot, Defendant Taylor-Hair noticed that it did not have a tag light. (*Id.*). It is not clear from the Amended

Complaint when Defendant Taylor-Hair activated his emergency lights and siren as the Amended Complaint only states that when Defendant Taylor-Hair began to pursue the driver he "did not immediately cut on his patrol vehicle[']s emergency lights and sirens[;]" but when Defendant Taylor-Hair began to follow the vehicle, the driver fled and a chase ensued. (*Id.* ¶¶ 12–13). Plaintiff alleges that "Defendant Taylor-Hair used his city-issued police vehicle as a weapon by violently colliding with the Honda Accord[.]" (*Id.* ¶ 16). The Honda Accord flipped over several times and landed in an embankment. (*Id.*). King was ejected from the vehicle, and Defendant Taylor-Hair detained him. (*Id.* ¶ 18). Gilbert was pinned inside the vehicle, suffered blunt force injuries, and died. (*Id.* ¶ 19). A Sycamore Police Department Officer, who joined the pursuit but is not listed as a defendant in this case, crashed into a tree shortly after the Honda Accord crashed. (*Id.* ¶¶ 15, 17).

On May 12, 2024, Plaintiff filed the original Complaint. (Doc. 1). Plaintiff filed an Amended Complaint on May 14, 2024. (Doc. 2). Therein, Plaintiff asserts ten claims: (1) "[v]iolations of the Fourth Amendment [e]xcessive [f]orce as to Defendant Taylor-Hair" pursuant to 42 U.S.C. § 1983, (2) failure to train and supervise as to the City of Ashburn, also pursuant to § 1983, (3) "*Monell* Liability as to The City of Ashburn[,]" pursuant to § 1983, (4) negligence and wrongful death against all Defendants, (5) assault and wrongful death against all Defendants, (6) battery and wrongful death against all Defendants, (7) intentional infliction of emotional distress against all Defendants, (8) vicarious liability as to the City of Ashburn, (9) negligent hiring and retention as to the City of Ashburn, and (10) negligent supervision as to the City of Ashburn. (*Id.* ¶¶ 22–116). Defendants were served on May 22, 2024. (Docs. 7, 8). Defendants filed a Motion to Dismiss, arguing that Plaintiff's Complaint is a shotgun pleading, and a Motion to Stay Discovery on June 10, 2024. (Docs. 9, 10). Plaintiff responded to both motions on June 26, 2024. (Docs. 11, 12). Defendant replied to the Motion to Dismiss on July 10, 2024, but did not file a reply brief related to the Motion to Stay. (*See* Doc. 14; *see also* Docket). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.2, 7.3.1.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8 and 10 set forth the requirements for complaints filed in federal court. At a minimum, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b). A complaint that does not adhere to the basic requirements of Rules 8 and 10 is a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has "little tolerance" for shotgun pleadings, which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

A complaint is a shotgun pleading if it: (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fails to "separate 'each cause of action or claim for relief' into a different count"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (alteration in original) (quoting *Weiland*, 792 F.3d at 1321–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (first citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (per curiam); and then citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

## DISCUSSION

Plaintiff's Complaint is an impermissible shotgun pleading, and trial courts are directed to "step in and require a repleader" when reviewing such complaints. *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013); *see*

*also Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (stating that "a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading" (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018)). When a litigant represented by counsel "files a shotgun pleading," the "district court must sua sponte give [her] one chance to replead before dismissing h[er] case with prejudice on non-merits shotgun pleading grounds." *Barmapov*, 986 F.3d at 1326 (citing *Vibe Micro*, 878 F.3d at 1296). The Amended Complaint here fails in several ways, including the reliance on vague factual allegations and the incorporation of preceding paragraphs by reference, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland*, 792 F.3d at 1321 (citations omitted); (*See, e.g.*, Doc. 2 ¶¶ 22, 36, 50, 63, 73, 81, 90, 96, 101, 110). "This is the very definition of a shotgun pleading." *Sarhan v. Mia. Dade Coll.*, 800 F. App'x 769, 772 n.3 (11th Cir. 2020) (per curiam).

      The most significant failing is that the Amended Complaint contains vague factual allegations and conclusory legal assertions. For example, in Count IV, Plaintiff asserts a state law claim for "negligence/wrongful death as to all Defendants." (Doc. 2 ¶¶ 63–72). Plaintiff alleges that "Defendant Taylor-Hair . . . negligently assessed the circumstances presented to them," and "assault[ed] and batter[ed]" Gilbert when he "used his city-issued police vehicle as a weapon by violently colliding with the vehicle [Gilbert was riding in] for the purpose of intentionally causing the vehicle to lose control . . . and ultimately crash in a manner that demonstrated deliberate indifference to his constitutional rights." (*Id.* ¶¶ 65, 67). Here, Plaintiff mixes in conclusory legal assertions related to intentional tort claims and constitutional violations that are irrelevant to a negligence claim, and, thus confusing to the reader. Plaintiff then alleges that Defendant Taylor-Hair "negligently fail[ed] to determine the fact that . . . Gilbert posed no immediate threat of death or serious bodily injury to any person when he was shot and killed[.]" (*Id.* ¶ 69). This is both confusing and concerning as nowhere in the statement of facts does it say that Gilbert was shot or that Defendant Taylor-Hair or any other party discharged a firearm. (*Id.* ¶¶ 9–21, 69). Thus, not

4

only does Count IV fail to set out specific factual allegations in support of a negligence claim, but it also brings in new facts that contradict the statement of facts in the Amended Complaint. (*Id.*).

Count V, a state law claim for assault, is likewise vague, conclusory, and confusing. Plaintiff asserts that "[u]nder the circumstances set forth above, a reasonable person in . . . Gilbert's position would have apprehended a violent injury during his arrest[,]" "Gilbert did in fact apprehend a violent injury because of the Defendant Officers' actions[,]" "[a]t no time were the Defendant Officers justified in causing such apprehension of a violent injury to . . . Gilbert[,]" and Plaintiff suffered "sustained physical harm and endured pain and suffering, mental and emotional distress, fear, fear, anxiety, humiliation, outrage and, ultimately, death" as a proximate result of the assault. (*Id.* ¶¶ 74–77). Plaintiff directs the Court to "the circumstances set forth above" to determine which facts support his assault claim because this Count does not connect the claim asserted with any specific facts. (*Id.* ¶ 74). Furthermore, Plaintiff refers to multiple defendant officers but does not identify the officers or explain how each officer is liable for assault. (*Id.* ¶¶ 73–80). Plaintiff also fails to allege that the Defendant officers intended to injure Gilbert as required by Georgia law. (*Id.*); *see Wallace v. Stringer*, 553 S.E.2d 166, 169 (Ga. Ct. App. 2001) ("To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with the apparent ability to do so." (citations omitted)). Absent specific factual allegations supporting the claims, Plaintiff has not stated a claim upon which relief can be granted; and Defendants are not on notice of the claims against them or the basis of such claims.

While the Court uses Counts IV and V to illustrate the deficiencies in the Amended Complaint, Plaintiff relies on such vague and conclusory factual allegations and legal conclusions throughout the Amended Complaint. (*See* Doc. 2). Moreover, Plaintiff's Amended Complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts[.]" *Barmapov*, 986 F.3d at 1324–25 (quoting *Weiland*, 792 F.3d at 1321); (*See* Doc. 2 ¶¶ 22, 36, 50, 63, 73, 81, 90, 96, 101, 110). Even if the Amended Complaint contained specific allegations, in order to evaluate the sufficiency of Plaintiff's

5

claims, the Court would have to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted[.]" *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (first alteration in original) (citation omitted). To do so would "give the appearance of lawyering for one side of the controversy and, in the process, cast [the Court's] impartiality in doubt." *Jackson*, 898 F.3d at 1355 n.6.

The Court must provide Plaintiff "one chance to replead before dismissing h[er] case with prejudice on non-merits shotgun pleading grounds." *Barmapov*, 986 F.3d at 1326 (quoting *Vibe Micro*, 878 F.3d at 1296). Accordingly, the Court will strike Plaintiff's Amended Complaint and grant Plaintiff leave to submit an amended complaint that remedies the issues described above if Plaintiff's Counsel can "in good faith make the representations required by" Federal Rule of Civil Procedure 11(b). *Vibe Micro*, 878 F.3d at 1295 (citation omitted); *Jackson*, 898 F.3d at 1357 (citation omitted). Plaintiff's amended complaint shall set forth separate, discrete causes of action, pleaded in separate counts, which clearly identify the set of circumstances or allegations supporting the elements of each claim against the Defendants. *See Barmapov*, 986 F.3d at 1324 (citing Fed. R. Civ. P. 8(a)(2), 10(b)). The amended complaint shall not make conclusory legal statements or indiscriminately incorporate by reference all preceding paragraphs into each count. Instead, Plaintiff must clearly identify which claims she seeks to assert and connect each count to specific factual allegations. Plaintiff is further directed to set forth her claims in short, plain sentences and to avoid unnecessarily formal or legalistic language.[1] Failure to submit a proper amended complaint within twenty-one days may result in the dismissal of this case with prejudice. *See Vibe Micro*, 878 F.3d at 1295 (citation omitted); *Jackson*, 898 F.3d at 1358 (citation omitted).

---

[1] An example of such unnecessarily formal language appears in paragraphs 74 to 77 of the Amended Complaint. (Doc. 2 ¶¶ 74–77). The meaning of these statements is unclear as the use of the word "apprehend"—considering its common definitions—does not make sense in the context of the claim. (*Id.*).

## CONCLUSION

Accordingly, the Amended Complaint (Doc. 2) is **DISMISSED without prejudice**. Plaintiff may submit an amended complaint within **twenty-one (21) days** of this Order. Because the Court has dismissed the Complaint, Defendants' Motion to Dismiss (Doc. 9) and Motion Stay Discovery (Doc. 10) are **DENIED as moot**.

**SO ORDERED**, this 24th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**